**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Miami Division

CASE NO.: 1:18-cv-21019

WARREN TECHNOLOGY, INC.,

Plaintiffs,

v.

UL LLC and TUTCO, LLC, formerly known as TUTCO INC.,

Defendants.

_______________________________/

**COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE AND DECLARATORY RELIEF**

Plaintiff Warren Technology, Inc. ("WTI") hereby sues Defendants UL LLC and Tutco, LLC, formerly known as Tutco, Inc. (collectively, "Defendants").

**NATURE OF THE LAWSUIT**

1. WTI and Defendant Tutco, LLC, formerly known as Tutco, Inc. ("Defendant Tutco") are business competitors in the business of designing, manufacturing, and selling unitary electric heaters ("UE Heaters") of various sizes and models. UE Heaters are component heating devices that are installed in HVAC[1] systems and generate heat for HVAC systems. Both WTI and Defendant Tutco sell UE Heaters to HVAC distributors, installers, and equipment manufacturers.

2. Defendant UL LLC ("Defendant UL") is a global safety certification company that participates in the safety analysis of technology. Among other things, Defendant UL certifies compliance with approved national safety standards for UE Heaters.

---

[1] HVAC is an acronym for heating, ventilation, and air conditioning.

3. WTI is suing Defendant Tutco and Defendant UL because they are inaccurately certifying, marketing and/or selling UE Heaters as compliant with UL 1995, the safety standards governing UE Heaters, when they are indisputably not compliant with those safety standards. Specifically, Defendant Tutco markets and sells UE Heaters that are missing a critical safety device which is designed to prevent UE Heaters from overheating and becoming fire hazards. This critical safety device is required in UL 1995, the applicable safety standard. Even though this critical safety device is required by UL 1995, Defendant UL continues to certify a number of Defendant Tutco's UE Heaters as compliant with UL 1995, and Defendant Tutco continues to market and sell UE Heaters that it represents and advertises as compliant with UL 1995 when they are not. This has unfairly disadvantaged WTI, which manufactures all of its UE Heaters with this critical safety device in compliance with UL 1995. This also poses a safety risk to the consuming public that uses Defendant Tutco's UE Heaters.

**PARTIES, JURISDICTION AND VENUE**

4. Pursuant to 28 U.S.C. § 1332, this is a civil action in which the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and is between parties of different states.

5. WTI is a Florida corporation based in Miami-Dade County, Florida.

6. Upon information and belief, Defendant UL is an Illinois limited liability company with its principal place of business in Illinois.

7. Upon information and belief, Defendant UL is *sui juris* and has sufficient contacts with the State of Florida, the forum state, to satisfy the Due Process Clause of the Fourteenth Amendment of the United States Constitution so that this lawsuit does not offend traditional notions of fair play and substantial justice. Specifically, Defendant UL participates in the

certification of UE Heaters that are sold and installed in the State of Florida. Upon information and belief, Defendant UL also has an office in West Palm Beach, Florida, and conducts business from that location.

8. Upon information and belief, Defendant UL is a product certification organization that certifies safety compliance with certain standards for consumer and commercial products. Defendant UL authorizes its label and certification mark to be affixed on products, including on UE Heaters subject of this lawsuit, that are distributed, sold, and installed in the State of Florida.

9. Upon information and belief, Defendant Tutco is a Pennsylvania limited liability company with a principal place of business in Cookeville, Tennessee.

10. Upon information and belief, Defendant Tutco is *sui juris* and has sufficient contacts with the State of Florida, the forum state, to satisfy the Due Process Clause of the Fourteenth Amendment of the United States Constitution so that this lawsuit does not offend traditional notions of fair play and substantial justice. Specifically, Defendant Tutco manufactures UE Heaters, and distributes and sells those UE Heaters in many states in the United States, including in Florida.

11. Pursuant to 28 U.S.C. § 1331, the Court also has original jurisdiction over this matter because some of the claims raised fall under the laws of the United States.

12. All conditions precedent to commencing this action have occurred, been satisfied, or have been waived.

13. Venue is proper in this district because many of the acts, transactions, and occurrences complained of herein occurred in this district, including the sale and installation of UE Heaters manufactured by Defendant Tutco and certified by Defendant UL as compliant with applicable safety standards.


Herron | Ortiz
255 Alhambra Cir., Suite 1060, Coral Gables, Florida 33134 (305) 779-8100

## GENERAL ALLEGATIONS

**A. UE Heaters**

14. Defendant Tutco manufactures, distributes, and sells UE Heaters.

15. WTI also manufactures and sells UE Heaters.

16. Defendant Tutco and WTI are competitors in the UE Heater market.

17. Upon information and belief, millions of UE Heaters are sold each year, and over 30 million UE Heaters are currently installed in U.S. homes and businesses.

18. UE Heaters sold by WTI and Defendant Tutco are incorporated into residential and commercial electric central air conditioning equipment.

19. UE Heaters are an integral and essential device in many HVAC systems.

20. Generally, UE Heaters are devices that are typically installed in HVAC equipment before or at the time of purchase.

21. UE Heaters are positioned in HVAC units in the airflow supply and primarily consist of heating elements, *i.e.*, wire coils, that are mounted inside the air handler. When electrified, the wire coils in the UE Heaters increase their temperature, thereby heating the air flowing through the air handler. The warm air then passes through ducts and is released through vents to warm the intended room and/or area.

**B. UE Heaters and Automatically-Resetting Temperature Limiting Controls**

22. All UE Heaters incorporate devices called automatically-resetting temperature limiting controls ("ART(s)").

23. ARTs are designed to maintain temperatures in the HVAC equipment in accordance with parameters established in the safety standards during intended operations.


Herron | Ortiz
255 Alhambra Cir., Suite 1060, Coral Gables, Florida 33134 (305) 779-8100

24. ARTs function by means of a temperature sensing switch that cycles to open and close contacts in the electric circuit to enable and disable power leading to the heating elements, thereby activating and deactivating the UE Heater. When an ART is in the closed position, its UE Heater is activated and the heating elements generate heat. When an ART is in the open position the heating element is de-energized and it does not produce heat.

25. An ART must be designed to open (and cut off electricity and shut down the heater) before ambient temperatures at certain points located within the equipment reach 200° Fahrenheit, the established maximum acceptable temperatures for continued operation. To accomplish this, the ART will be designed to open when the ambient temperature approaches this established maximum, for example, 180° Fahrenheit. Once the ambient temperature in the equipment is reduced to a preset temperature, for example 140°, the ART will close the electric contacts (thereby reactivating the heater).

26. ARTs are designed to cycle within a preset temperature range, and continue to operate during abnormal but foreseeable conditions of intended use (*e.g.*, reduced airflow due to an obstructed duct, filter, or vent), without any warning or indication to the user.

27. Pursuant to the applicable safety standards, ARTs can only cycle during abnormal operating conditions and are specifically prohibited from cycling during normal (unrestricted airflow) conditions. UL 1995 specifically defines ARTs as "a thermostat that functions only under conditions that produce abnormal temperatures. The failure of such a thermostat might result in a hazard."[2]

28. Unfortunately, ARTs are not sufficiently reliable to prevent a fire. Over time, ARTs can become stuck in the closed position due to carbon buildup or due to other environmental

---

2 *See* UL 1995, 4th Edition, Section 2, Definitions: "Temperature-limiting thermostats".


Herron | Ortiz
255 Alhambra Cir., Suite 1060, Coral Gables, Florida 33134 (305) 779-8100

or mechanical factors. When an ART becomes stuck in the closed position, a UE Heater can continue to heat beyond the preset shutdown temperature (180° Fahrenheit in the example above), and can cause unsafe or hazardous temperature levels in the HVAC unit.[3]

29. With the combination of a malfunctioning ART stuck in the closed position and insufficient airflow (often due to dirty filters, obstructed airducts or vents, or failed or malfunctioning fan motors), UE Heaters can reach temperatures in excess of 2000° Fahrenheit, and present a fire hazard.

30. Given their eventual expected failures, ARTs are not safety devices.

31. Due to the intense, fire-causing heat that they are capable of generating, UE Heaters can be one of the most dangerous devices in an HVAC unit.

**C. <u>Non-Self-Resetting Thermal Cutoffs</u>**

32. A malfunctioning ART stuck in the closed position can result in dangerous levels of heat generated by a UE Heater, and presents a fire hazard.

33. Given this danger, UE Heaters should incorporate a safety device called a non-self-resetting thermal cutoff ("NSRT Cutoff(s)"), which automatically shuts down a UE Heater at a designated temperature that is: (i) above the open cycle temperature set for the ART, and (ii) below the temperature at which a fire or safety hazard is reached. As an example, the ART and NSRT Cutoff should function under the following protocol:

- UE Heater turned on – ART is closed, starting the UE Heater

[3] The temperatures used in this paragraph and in Section C, below, are for demonstration purposes and do not accurately reflect the temperatures established in applicable safety standards. These represent ambient temperatures at certain locations within the HVAC equipment. There are two relevant temperatures established by the safety standards, the first is a maximum acceptable temperature for continued operation and the second is a maximum threshold beyond which presents a fire hazard.


Herron | Ortiz
255 Alhambra Cir., Suite 1060, Coral Gables, Florida 33134 (305) 779-8100

- <200° F – ART cycles open, shutting down the UE Heater (at 180° F in the example above)
- <347° F – NSRT Cutoff is triggered, UE Heater shuts down and requires a manual reset or replacement
- ≥347° F – Fire Hazard

34. Based on the example immediately above, the ART should prevent the UE Heater from producing temperatures of the heated airflow and various surface areas proximate to the UE Heater from exceeding 200° Fahrenheit. If the ART malfunctions and fails to shut off the UE Heater, these temperatures can rise above 200° Fahrenheit. When the internal temperature exceeds 200° Fahrenheit and approaches 347° Fahrenheit, a high temperature but not yet a fire risk, the NSRT Cutoff will be triggered, and the UE Heater will shut off until it receives manual attention from an HVAC technician. If the UE Heater does not incorporate an NSRT Cutoff, the internal temperature can reach and exceed 347° Fahrenheit, creating a substantial fire risk as recognized by the safety standards.

35. NSRT Cutoffs are feasible and reliable safety devices that prevent the risk of fires.

36. Once triggered, NSRT Cutoffs shut down a UE Heater until the triggered NSRT Cutoff is either manually reset or completely replaced by a technician (depending on the type of NSRT Cutoff).

37. The feature requiring a manual reset or complete replacement of the NSRT Cutoff has the added benefit of informing the HVAC technician (i) that some condition in the unit (*e.g.*, a restriction or reduction in airflow) is causing the unit to overheat; and (ii) that the ART is malfunctioning and is stuck in the closed position (because under intended operating conditions


Herron | Ortiz
255 Alhambra Cir., Suite 1060, Coral Gables, Florida 33134 (305) 779-8100

there is no possibility that a NSRT Cutoff could be triggered if the ART is properly cycling to open and close the electric circuit).

38. This gives the HVAC technician the ability to correct the reduced airflow or other overheating condition and also to replace a malfunctioning ART with a functioning ART before replacing the NSRT Cutoff and making the UE Heater operational again.

**D. Defendant UL and Safety Standards Applicable to UE Heaters**

39. Defendant UL is a nationally recognized, for profit, testing lab that is accredited to test and analyze products to determine whether they comply with all applicable safety standards.

40. Defendant UL describes itself as:

> **help[ing] companies demonstrate safety, confirm compliance, enhance sustainability, manage transparency, deliver quality and performance, strengthen security, protect brand reputation, build workplace excellence, and advance societal wellbeing. Some of the services offered by UL include: inspection, advisory services, education and training, testing, auditing and analytics, certification software solutions, and marketing claim verification.**

UL, LLC, https://www.ul.com/aboutul/what-we-do/ (last visited Mar. 14, 2018).

41. Defendant UL has been retained by Defendant Tutco to certify that its UE Heaters are fully compliant with all applicable safety standards.

42. The safety standards applicable to UE Heaters, UL 1995, are created by a consensus process that establishes the minimum product safety requirements. Non-party Underwriters Laboratories, Inc. is a corporation authorized to oversee the consensus process of establishing the safety standards in this industry.

43. Although the safety standards are voluntary, in Florida all building codes and authorities having jurisdiction require HVAC equipment, and UE Heaters specifically, to be certified as complying with applicable safety standards by nationally recognized and accredited


Herron | Ortiz
255 Alhambra Cir., Suite 1060, Coral Gables, Florida 33134 (305) 779-8100

certification organizations, like Defendant UL, before permitting installation in residential or commercial properties.

44. Purchasers, consumers and authorities having jurisdiction (including building code inspectors) specifically rely upon the certification label attached to the UE Heater to confirm compliance with UL 1995. Also, Defendant UL, on behalf of Defendant Tutco, publicly posts product listings to represent to purchasers, consumers, authorities having jurisdiction and the public at large that certain lines of UE Heaters manufactured or sold by Defendant Tutco have been certified as being in compliance with UL 1995.

45. The safety standard governing UE Heaters, UL 1995, requires that UE Heaters have NSRT Cutoffs.

46. Specifically, the operative standard, UL 1995.30.16, states as follows:

> **Except as specified in Clause 30.18, a unit employing electric heaters shall be provided with one or more manually resettable or replaceable backup protective devices of the type specified in Clause 30.17 that will, with the contacts of the [ART] permanently closed, limit the temperatures to comply with the requirements specified in the Backup protection tests—Clause 48.**

UL 1995.30.16 (4th ed.).

47. Clause 30.17 described in the UL 1995.30.16 excerpt above provides as follows regarding NSRT Cutoffs: "The manually resettable or replaceable protective devices specified in Clause 30.16 shall be functionally independent of the automatically resetting temperature-limiting control." UL 1995.30.17 (4th ed.).

48. The UL 1995 exception in Clause 30.18 states as follows:

> **The requirement specified in Clause 30.16 does not apply if no part of the [ART] circuit cycles under intended operating conditions. For example, an [ART] that directly controls a heating element is not required to be provided with the backup**


Herron | Ortiz
255 Alhambra Cir., Suite 1060, Coral Gables, Florida 33134 (305) 779-8100

> **protection specified in Clause 30.16. The backup protection specified in Clause 30.16 is required for a product employing an electric heater that incorporates a switching device whose coil circuit is controlled by both the automatically resetting temperature-limiting control and a temperature-regulating control for the heater, except for products that comply with the exception of Clause 30.15.**

UL 1995.30.18 (4th ed.).

49. The Clause 30.18 exception only applies if the ART will not cycle to the open position, and thereby stop heat generation, under intended operating conditions.

50. Importantly, "intended operating conditions" within the meaning of UL 1995 includes both "normal" (*i.e.*, ideal, unrestricted airflow) and "abnormal" (*i.e.*, reduced or restricted airflow) operating conditions that typically and foreseeably occur in actual use.

51. As such, the UL 1995 exception in Clause 30.18 (not requiring NSRT Cutoffs) only applies to a practically non-existent subset of UE Heaters: those that are not capable of producing heat that can cause hazardous internal temperatures in the HVAC unit under conditions of little or no airflow.

**E. Defendant UL's Certification of UE Heaters without NSRT Cutoffs**

52. Pursuant to the applicable safety standard, all UE Heaters with ARTs that cycle during intended operating conditions ("Cycling UE Heaters") must contain NSRT Cutoffs.

53. However, Defendant UL has certified Cycling UE Heaters that do not incorporate NSRT Cutoffs.

54. Upon information and belief, despite not complying with the NSRT Cutoff requirement in UL 1995.30.16, Defendant UL has for years certified Defendant Tutco's Cycling UE Heaters ("Tutco Cycling UE Heaters") as compliant with UL 1995 standards.


Herron | Ortiz
255 Alhambra Cir., Suite 1060, Coral Gables, Florida 33134 (305) 779-8100

55. Specifically, most models of Tutco Cycling UE Heaters manufactured and sold by Defendant Tutco do not incorporate NSRT Cutoffs required by UL 1995.

56. Upon information and belief, despite not complying with the NSRT Cutoff requirement in UL 1995.30.16, Defendant Tutco markets, advertises, and represents on its website that its Tutco Cycling UE Heaters are certified by Defendant UL and are compliant with all UL 1995 standards, and displays such language affixed on Tutco Cycling UE Heaters.

**F. <u>WTI UE Heaters Contain NSRT Cutoffs and Comply with UL 1995</u>**

57. At all times material, UE Heaters manufactured and sold by WTI have complied with UL 1995 and have NSRT Cutoffs.

**COUNT I—DECLARATORY JUDGMENT**
**<u>UNDER § 28 U.S.C. 2201 AGAINST DEFENDANT UL</u>**

58. WTI reasserts and realleges Paragraphs 1 through 57 as if fully set forth herein.

59. There is a dispute as to whether UL 1995.30.16 requires UE Heaters with cycling ARTs to have NSRT Cutoffs.

60. By certifying Tutco Cycling UE Heaters as UL 1995 compliant when they do not have NSRT Cutoffs, Defendant UL appears to take the position that UL 1995.30.16 does not require Tutco Cycling UE Heaters to have NSRT Cutoffs.

61. WTI asserts that UL 1995.30.16 requires that Tutco Cycling UE Heaters have NSRT Cutoffs.

62. There is an actual, present, and practical controversy and need for the Court's determination as to whether UL 1995 requires Tutco Cycling UE Heaters to have NSRT Cutoffs in order to be compliant with UL certification.

63. WTI and Defendant UL presently have an adverse and antagonistic interest before the Court.

64. WTI does not seek mere legal advice from the Court. Indeed, WTI has lost sales and will continue to lose future sales because of this dispute, and this dispute has an impact on the Parties' commercial interests.

WHEREFORE, WTI seeks declaratory judgment against Defendant UL determining that UL 1995 requires Tutco Cycling UE Heaters to have NSRT Cutoffs.

**COUNT II—FALSE ASSOCIATION AGAINST**
**DEFENDANTS UNDER THE LANHAM ACT 15 U.S.C. § 1125(a)(1)(A)**

65. WTI reasserts and realleges Paragraphs 1 through 57 as if fully set forth herein.

66. Upon information and belief, Defendant Tutco and Defendant UL have misrepresented many Tutco Cycling UE Heaters as UL 1995 compliant when they are in fact not compliant with UL 1995.

67. For instance, Defendant Tutco affixes, with the approval and authorization of Defendant UL, Defendant UL's certification of compliance with UL 1995 on Tutco Cycling UE Heaters and claims on its website that Tutco Cycling UE Heaters comply with UL 1995.

68. WTI asserts that under the plain and unambiguous terms of UL 1995, Cycling UE Heaters are required to have NSRT Cutoffs.

69. Most Tutco Cycling UE Heaters do not have NSRT Cutoffs.

70. All Tutco Cycling UE Heaters that do not have NSRT Cutoffs are marketed and sold as being compliant with UL 1995.

71. These misleading and false descriptions of fact are likely to cause confusion to consumers about the safety standards and suitability of the Tutco Cycling UE Heaters.

72. As a result of the improper and misleading UL 1995 certification of Tutco Cycling UE Heaters by Defendant Tutco and Defendant UL, WTI has lost sales and will continue to lose future sales, and has lost market share to Defendant Tutco.

WHEREFORE, WTI respectfully requests that the Court enter judgment for damages, including lost past sales and costs, in its favor and against Defendant Tutco and Defendant UL.

**COUNT III—FALSE ADVERTISING AGAINST DEFENDANTS UNDER THE LANHAM ACT 15 U.S.C. § 1125(a)(1)(B)**

73. WTI reasserts and realleges Paragraphs 1 through 57 as if fully set forth herein.

74. Upon information and belief, Defendant Tutco and Defendant UL have misrepresented many Tutco Cycling UE Heaters as UL 1995 compliant when they are in fact not compliant with UL 1995.

75. WTI asserts that under the plain and unambiguous terms of UL 1995, UE Heaters are required to have NSRT Cutoffs.

76. Most Tutco Cycling UE Heaters do not have NSRT Cutoffs.

77. Notwithstanding their non-compliance, Defendant UL continues to certify Tutco Cycling UE Heaters as compliant with UL 1995.

78. Notwithstanding their non-compliance, Defendant Tutco marks, markets, and sells its UE Heaters as compliant with UL 1995 and for the purpose of influencing consumers and other businesses to buy Tutco Cycling UE Heaters.

79. Defendant Tutco affixes, with the approval and authorization of Defendant UL, Defendant UL's certification of compliance with UL 1995 on Tutco Cycling UE Heaters and claims on its website that Tutco Cycling UE Heaters comply with UL 1995.

80. As a result of the improper and misleading UL certification of Tutco Cycling UE Heaters by Defendant Tutco and Defendant UL, WTI has lost sales and will continue to lose future sales.

WHEREFORE, WTI respectfully requests that the Court enter judgment for damages, including lost past sales and costs, in its favor and against Defendant Tutco and Defendant UL.

**COUNT IV—INJUNCTIVE RELIEF AGAINST DEFENDANTS**
**UNDER THE LANHAM ACT 15 U.S.C. §§ 1116(a) AND 1125(a)**

81. WTI reasserts and realleges Paragraphs 1 through 57 and 65 through 80 as if fully set forth herein.

82. To the extent that the Court determines Counts II and/or III (for violation of the Lanham Act) in favor of WTI, WTI seeks a permanent injunction against Defendant Tutco enjoining Defendant Tutco from marketing and marking Tutco Cycling UE Heaters as compliant with UL 1995 when they do not contain an NSRT Cutoff.

83. To the extent that the Court determines Counts II and/or III (for violation of the Lanham Act) in favor of WTI, WTI seeks a permanent injunction against Defendant Tutco enjoining Defendant Tutco from selling any Tutco Cycling UE Heaters marked as UL 1995 compliant when they do not have NSRT Cutoffs.

84. To the extent that the Court determines Counts II and/or III (for violation of the Lanham Act) in favor of WTI, WTI seeks a permanent injunction against Defendant UL from certifying any UE Heaters omitting NSRT Cutoffs as compliant with UL 1995.

WHEREFORE, WTI respectfully requests:

a. an injunction against Defendant Tutco enjoining Defendant Tutco from marketing and marking Tutco Cycling UE Heaters as compliant with UL 1995;

b. an injunction against Defendant Tutco enjoining Defendant Tutco from selling any Tutco Cycling UE Heaters marked as UL 1995 compliant when they do not have NSRT Cutoffs;

c. an injunction against Defendant UL enjoining Defendant UL from certifying any UE Heaters as compliant with UL 1995 when they do not have NSRT Cutoffs, and;

d. an award granting any additional relief that the Court deems just and proper.

**COUNT V—COMMON LAW**
**UNFAIR COMPETITION AGAINST DEFENDANT TUTCO**

85. WTI reasserts and realleges Paragraphs 1 through 57 as if fully set forth herein.

86. Defendant Tutco deceptively misrepresents and markets that its Cycling UE Heaters are compliant with UL 1995.

87. Defendant Tutco's deceptive misrepresentations are likely to result in confusion by consumers, distributors and manufacturers of HVAC equipment who wish to purchase, sell or install UE Heaters that are compliant with UL 1995 in commercial and residential HVAC equipment.

88. Defendant Tutco's deceptive misrepresentations and marketing constitutes unfair competition with WTI, who manufactures and sells UE Heaters that are actually compliant with the requirements of UL 1995.

89. WTI has suffered damages from lost sales and will continue to lose future sales to its competitor, Defendant Tutco, by virtue of Defendant Tutco's deceptive misrepresentations and marketing about compliance with UE Heaters.

WHEREFORE, WTI seeks judgment, damages, and costs against Defendant Tutco for unfair competition.

**COUNT VI—VIOLATION OF**
**FLORIDA DECEPTIVE AND UNFAIR TRADE**
**PRACTICES ACT, §§ 501.201-13, FLA. STAT., AGAINST DEFENDANTS**

90. WTI reasserts and realleges Paragraphs 1 through 57 as if fully set forth herein.

91. Defendants' representations that Tutco Cycling UE Heaters comply with UL 1995 are deceptive and mislead consumers into believing that Tutco Cycling UE Heaters are UL 1995 compliant and meet all of the UL 1995 safety standards when they do not.

92. Defendants' representations that Tutco Cycling UE Heaters comply with UL 1995 are an unfair method of competition because they offend established public policy and are unethical, unscrupulous, and substantially injurious to consumers.

93. Specifically, Defendant Tutco marks and markets its UE Heaters as complying with UL 1995 and all of its safety requirements when in fact Tutco Cycling UE Heaters are not compliant with UL 1995.

94. Moreover, Defendant UL allows Defendant Tutco to affix its certification and label on Tutco Cycling UE Heaters when they are not compliant with UL 1995.

95. These practices have misled consumers into purchasing HVAC units with UE Heaters that do not have NSRT Cutoffs when UL 1995 requires that NSRT Cutoffs be installed. Moreover, the omission of the required NSRT Cutoffs constitutes a safety hazard to consumers in that the UE Heaters without NSRT Cutoffs pose a substantial fire hazard.

96. Most Tutco Cycling UE Heaters do not have NSRT Cutoffs, a requirement in UL 1995.30.16.

97. The foregoing deceptive and unfair misrepresentations about the safety and compliance of Tutco Cycling UE Heaters with UL 1995 have caused WTI damages in the form of lost past and future sales.

98. Upon information and belief, Defendants' misrepresentations about Tutco Cycling UE Heater compliance with UL 1995 have led competitors and consumers to purchase Tutco Cycling UE Heaters when they would have purchased WTI UE Heaters had they known that Tutco Cycling UE Heaters were not compliant with UL 1995.

WHEREFORE, WTI seeks judgment for damages against Defendants, including taxable costs under §§ 501.201-13, Fla. Stat., and any other relief that the Court finds just and proper.

**COUNT VII—DECLARATORY JUDGMENT UNDER § 501.211(1), FLA. STAT. FOR VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT AGAINST DEFENDANTS**

99. WTI reasserts and realleges Paragraphs 1 through 57 as if fully set forth herein.

100. There is a dispute as to whether UL 1995.30.16 requires Cycling UE Heaters to have NSRT Cutoffs.

101. By marketing and marking Tutco Cycling UE Heaters as UL 1995 compliant when they do not have NSRT Cutoffs, Defendant Tutco appears to take the position that UL 1995.30.16 does not require UE Heaters with cycling ARTs to have NSRT Cutoffs.

102. By certifying Tutco Cycling UE Heaters as UL 1995 compliant when they do not have NSRT Cutoffs, Defendant UL appears to take the position that UL 1995.30.16 does not require UE Heaters with cycling ARTs to have NSRT Cutoffs.

103. WTI believes that the plain language of UL 1995.30.16 requires that Cycling UE Heaters include NSRT Cutoffs.

104. There is an actual, present, and practical controversy and need for the Court's determination as to whether UL 1995 requires Cycling UE Heaters to have NSRT Cutoffs in order to be compliant with UL certification.

105. The Parties presently have an adverse and antagonistic interest before the Court.

106. WTI does not seek mere legal advice from the Court. Indeed, WTI has lost sales and will continue to lose future sales because of this dispute, and this dispute has an impact on the Parties' commercial interests.

107. Further, WTI seeks a determination of the important requirements of UL 1995, which provides, *inter alia*, safety specifications relating to fire hazards in HVAC equipment, and


Herron | Ortiz
255 Alhambra Cir., Suite 1060, Coral Gables, Florida 33134 (305) 779-8100

that improper certifications of compliance with UL 1995 may mislead the public about, and needlessly expose the public to, potential fire hazards posed by Tutco Cycling UE Heaters.

WHEREFORE, WTI seeks declaratory judgment against Defendants determining that UL 1995 requires that UE Heaters with cycling ARTs contain NSRT Cutoffs and granting any additional relief that the Court deems proper.

**COUNT VIII—INJUNCTIVE RELIEF UNDER § 501.211(1), FLA. STAT. FOR VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT AGAINST DEFENDANTS**

108. WTI reasserts and realleges Paragraphs 1 through 57 and 90 through 107 as if fully set forth herein.

109. To the extent that the Court determines Counts I and/or VII (for declaratory relief) in favor of WTI, WTI seeks a permanent injunction against Defendant Tutco enjoining Defendant Tutco from marketing and marking Tutco Cycling UE Heaters as compliant with UL 1995 when they do not contain an NSRT Cutoff.

110. To the extent that the Court determines Counts I or VII (for declaratory relief) in favor of WTI, WTI seeks a permanent injunction against Defendant Tutco enjoining Defendant Tutco from selling any Tutco Cycling UE Heaters marked as UL 1995 compliant when they do not have NSRT Cutoffs.

111. To the extent that the Court determines Count I or VII (for declaratory relief) in favor of WTI, WTI seeks a permanent injunction against Defendant UL enjoining Defendant UL from certifying and affixing its label claiming that a UE Heater is UL 1995 compliant when the UE Heater does not have an NSRT Cutoff.

WHEREFORE, WTI respectfully requests:

a. an injunction against Defendant Tutco enjoining Defendant Tutco from marketing and marking Tutco Cycling UE Heaters as compliant with UL 1995;

b. an injunction against Defendant Tutco enjoining Defendant Tutco from selling any Tutco Cycling UE Heaters marked as UL 1995 compliant when they do not have NSRT Cutoffs;

c. an injunction against Defendant UL enjoining Defendant UL from certifying and affixing its label claiming that a UE Heaters is UL 1995 compliant when the UE Heater does not have an NSRT Cutoffs;

d. an award of costs against Defendant Tutco for the costs associated with bringing this action, and;

e. an award granting any additional relief that the Court deems just and proper.

**JURY TRIAL DEMAND**

WTI demands a trial by jury on all counts so triable.

Date: March 16, 2018

Respectfully submitted:

Herron Ortiz
Attorneys for Warren Technology, Inc.
255 Alhambra Cir., Suite 1060
Coral Gables, Florida 33134
Tel: (305) 779-8100
Fax: (305) 779-8104

By: /s/Andrew R. Herron
Andrew R. Herron, Esq.
Florida Bar No. 861560
aherron@herronortiz.com
Brian Lechich, Esq.
Florida Bar No. 84419
blechich@herronortiz.com

**SERVICE LIST**

**United States District Court, Southern District of Florida**
***Warren Technology, Inc. v. UL LLC, et al.*, Case No.: 1:18-cv-21019**