UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.: 1:18-cv-21019

WARREN TECHNOLOGY, INC.,

    Plaintiffs,

v.

UL LLC and TUTCO, LLC, formerly
known as TUTCO INC.,

    Defendants.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT TUTCO INC.'S MOTION TO DISMISS COMPLAINT (DE 9)**

Plaintiff Warren Technology, Inc. ("WTI") responds in opposition to the Motion to Dismiss for Lack of Standing and Failure to State a Claim (the "Motion"; DE 9) filed by Defendant Tutco, Inc. ("Tutco") and states:

**I.   INTRODUCTION**

Tutco's attempt to dismiss WTI's Complaint for Damages and for Injunctive and Declaratory Relief (the "Complaint"; DE 1) should be denied.  As explained below, other than Counts II and VI,[1] each of the remaining counts of the Complaint involving Tutco are well pled and state viable causes of action against Tutco.  Similar to UL, Tutco's blatant tactic throughout the Motion is to ignore the pleadings in the Complaint, and to instead focus on straw man arguments posited in the Motion by Tutco, and which were not even pled by WTI.  Indeed, in its purported analysis, Tutco plainly ignores crucial pleadings in the Complaint which establish that

---

[1] As set forth below, WTI agrees to the dismissal without prejudice of Counts II and VI.

WTI has pled viable claims, and instead attempts to distract the Court from WTI's allegations. Given the foregoing, the Motion should be denied as further set forth below.

## II.     LEGAL STANDARD

"To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is 'plausible on its face.'" *Goldberg v. Nat'l Union Fire Ins. Co. of Pittsburg, Pa.*, No. 13-21653-CIV-WILLIAMS, 2015 WL 7007983, at *4 (S.D. Fla. May 18, 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). "All factual allegations in the complaint are accepted as true and all reasonable inferences are drawn in the plaintiff's favor." *Goldberg*, 2015 WL 7007983, at *4 (citing *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. For Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010)). Under Rule 12(b)(6), dismissal is only appropriate "when, in the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). "Rule 12(b)(6) does not allow dismissal of a complaint because the court anticipates 'actual proof of those facts is improbable,' but the '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Id*. (quoting *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289 (11th Cir. 2007)). "This plausibility standard requires that the plaintiff plead enough facts to raise a reasonable expectation that discovery will reveal evidence of the defendant's liability." *Goldberg*, 2015 WL 7007983, at *4 (citing *Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir. 2013)).

## III.    MEMORANDUM OF LAW IN OPPOSITION

### A. The "Prior Litigation" in *Koski* Is Inapposite, Irrelevant, and Should Not Be Considered

Tutco's repeated and substantial reliance on *Koski v. Carrier Corp.*, another case involving Tutco, UL, and WTI, is completely misplaced. *See* Motion, pp. 1, 6-7, 10. First, in *Koski*, Tutco,

UL, and WTI were all defendants, and they were sued by a class action group of consumers who had purchased HVAC equipment. So the posture of the *Koski* case was completely different from this lawsuit. Second, many of the *Koski* claims were dismissed as barred by the statute of limitations. No such limitations issue exists in this case. Third, this lawsuit involves causes of action that were not asserted by the plaintiffs in *Koski*. Fourth, and most critically, WTI has made the crucial allegation that the *Koski* plaintiffs failed to make: that the relevant UE Heaters are required to have NSRT Cutoffs under UL 1995, and they do not. *See* DE 9-1, p. 8. Indeed, the *Koski* court even gave the class leave to amend and to assert this allegation, but they decided not to amend after the *Koski* opinion was rendered. Finally, while WTI does not dispute the reasoning in *Koski*,[2] that opinion has no application to this case for the reasons described above. Tutco's insistence on relying on *Koski* is both inexplicable and unpersuasive. The crux of Tutco's *Koski* argument is simplistic in the extreme: the *Koski* claims were dismissed so WTI's claims should be dismissed as well. But this argument fails under Rule 12(b)(6), and it inappropriately ignores WTI's allegations in the Complaint. As such, the Motion should be denied.

### B. WTI Has Standing, and Tutco's Standing Argument Is Unfounded

Parroting the analysis in the *Koski* opinion, Tutco argues that WTI does not have standing to sue Tutco. Motion, at pp.7-8. But even the *Koski* court determined that the *Koski* plaintiffs had standing to sue Tutco (and others). Indeed, Tutco's standing argument is completely unfounded, as WTI has properly pled causes of action against Tutco for false advertising under the Lanham Act (Count III), injunctive relief under the Lanham Act (Count IV), common law unfair

---

[2] Indeed, WTI argued for dismissal in the *Koski* case, and the *Koski* order dismissed claims against WTI.

competition (Count V), and declaratory judgment and injunctive relief under Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"; Counts VII and VIII).

Tutco then broadly asserts that WTI's allegations of injury are implausible and that "[WTI]'s complaint includes no plausible allegation that Tutco's marketing of Tutco's products as compliant with UL 1995 caused WTI any injury at all." Motion, at p. 8. Notably, Tutco fails to provide any analysis of the Complaint whatsoever to support this self-serving "argument," and WTI's Complaint is well and thoroughly pled on this point. Indeed, WTI plainly and expressly pled as follows: (i) that UE Heaters that do not comply with the safety standards are prohibited in residential or commercial use (Compl., at ¶ 43); (ii) that purchasers and consumers specifically rely upon the certification label attached to the UE Heater to confirm compliance with UL 1995 (*id*, at ¶ 44); (iii) that Tutco misrepresented its Cycling UE Heaters as compliant with the safety standards despite the omission of the required NSRT Cutoffs (*id*., at ¶¶ 52-56); and (iv) that Tutco's conduct has injured WTI and has caused WTI to lose sales (*id.* at ¶¶ 80, 86-89, 106). Not only is the injury alleged by WTI "plausible," it would be expected from the competitor's misrepresentation of a product that would not otherwise be capable of sale.

Moreover, if Tutco's standing argument were an accurate reflection of the law (it is not), then no plaintiff would ever be able to bring claims against competitors under the Lanham Act, FDUTPA, or be able to assert any common law unfair competition claim. But case law provides ample examples of viable causes of action under each such claim. Tutco's argument here simply ignores the allegations in the Complaint and is unsupported by law. Accordingly, Tutco's purported "standing" argument should be denied.

### C. **WTI Agrees to Dismissal Without Prejudice of Count II and Count VI**

Before addressing Tutco's remaining arguments, WTI agrees to the dismissal without prejudice of Count II for false association under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), and Count VI for damages for violation of FDUTPA.

### D. **WTI Has Alleged Conduct That Satisfies Claims for Lanham Act, Unfair Competition and FDUTPA**

Tutco next argues that "[m]isrepresentation or deception" is a required element of each claim of the Complaint, and that WTI failed to plead "misrepresentation or deception." Motion, at pp. 8-11. In that regard, Tutco makes two arguments: (i) that Tutco's products are certified by UL and therefore WTI's claims are not actionable, and; (ii) that Tutco's products comply with UL 1995. *Id*. Both arguments ignore the allegations in the Complaint, and instead improperly rely entirely on Tutco's contrived assertions.

> i. *WTI Has Pled That Tutco Has Deceptively Marketed Tutco Cycling UE Heaters as Being Compliant with UL 1995 When They Are Not*

Tutco first argues that the fact that Tutco Cycling UE Heaters are in fact certified by UL "is dispositive of each of Plaintiff's claims." Motion, at p. 9. But this argument (i) totally mischaracterizes the nature of WTI's claims, and (ii) deviates from the allegations in the Complaint. As such, this argument must be rejected.

WTI alleges in the Complaint (i) that Tutco has misrepresented Tutco Cycling UE Heaters as UL compliant when they are not UL 1995 compliant; (ii) that under the plain and unambiguous terms of UL 1995, UE Heaters are required to have NSRT Cutoffs; (iii) that most Tutco Cycling Heaters do not have NSRT Cutoffs, and; (iv) that Tutco continues to affix UL's certification of compliance with UL 1995 on Tutco Cycling UE Heaters, even though such heaters do not have NSRT Cutoffs and are not compliant with UL 1995. Compl., at ¶¶ 74-80. These allegations alone

render Tutco's argument inapposite.³ Indeed, in order to even consider Tutco's argument, the Court would need to deviate from these allegations, and would need to consider Tutco's self-serving assertions in violation of Rule 12(b)(6).

Tutco argues without any support that the certification mark on its UE Heaters only represents that the heater (or representative samples or design of that heater) was certified by UL, and in no way represents that the heater (or representative samples or design of the heater) was actually compliant with the minimum safety standards. Apparently, Tutco wants the Court (i) to accept that the certification mark represents what Tutco now asserts, (ii) to determine that the representation therefore is not literally false, and (iii) to ignore WTI's pleadings that the representation is also deceptive and misleading.⁴ The suggestion that the representation by the certification mark should be interpreted this narrowly is unsupported, and is specifically contradicted in Tutco's own Motion: "[a] UL certification sticker is simply 'the manufacturer's declaration that the marked product complies with UL's standards.'" Motion, at p. 9 (quoting *Brookshire Bros. Holding, Inc. v. Total Containment, Inc.*, No. 04-1150, 2006 WL 1896065, at *8 (W.D. La. July 7, 2006)). This statement (in Tutco's Motion) supports WTI's allegation that by affixing and marketing its products with UL's certification, Tutco is declaring to the public that

---

³   On page 10 of the Motion, Tutco again discusses the inapplicable *Koski* case. *See* Motion, at p. 10. For the reasons discussed above, the *Koski* case is inapplicable. *See supra* Section III.A.

⁴   A Lanham Act claim is also actionable where the statement in dispute is true, but is also misleading. *See Incarcerated Entm't, LLC v. Warner Bros. Pictures*, 261 F. Supp. 3d 1220, 1229-30 (M.D. Fla. 2017) ("The Lanham Act applies to two types of advertisements: (1) a statement that is 'literally false as a factual matter' and (2) a 'misleading' statement that may be literally true or ambiguous, but that 'implicitly conveys a false impression, is misleading in context, or is likely to deceive consumers.'") (quoting *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004)). Tutco does not even address this possibility. Accordingly, "falsity" is not a requirement to state a claim under the Lanham Act in any event, and Tutco's motion fails on that basis as well.

Tutco Cycling UE Heaters "compl[y] with UL's standards." *See id.* Based on the allegations in the Complaint, this conduct by Tutco is plainly false, deceptive and misleading. As such, the Motion should be denied.

Next, Tutco places great weight in the recently decided *Board-Tech*[5] case from the Southern District of New York. *See* Motion, at pp. 10-11. However, the allegations in *Board-Tech* were meaningfully different from the allegations asserted in this case. First, in *Board-Tech*, the certifying organization (also UL) was not a party to the lawsuit. Instead, the case only involved one competitor suing another competitor. *See Board-Tech Elec. Co., Ltd. v. Eaton Elec. Holdings, Inc.*, No. 17-cv-5028 (KBF), 2017 WL 4990659 (S.D.N.Y. Oct. 31, 2017). Here, both the certifying organization (UL) and the competitor (Tutco) are parties. Second, the underlying basis for the *Board-Tech* claims were different than those brought by WTI. In *Board-Tech*, the plaintiff did not allege a wrongful and erroneous certification by UL (as WTI has done here). Instead, the *Board-Tech* plaintiff alleged that UL properly certified the defendants' designs and initial products as compliant with the operative UL standards, but that the defendant changed the product design during production, and those changes rendered the products non-compliant with the UL standards. *See id.*, at *1-3. This resulted in the defendant applying the UL certification to its products when they were not in fact compliant. *Id.*

Significantly, the *Board-Tech* plaintiff did not allege a specific design defect or any common defect to identifiable products, but based its entire claim on the allegation that the plaintiff tested eight (8) unidentified samples of the defendant's product, and determined that they did not comply with the testing in the safety standards. The *Board-Tech* plaintiff did not identify the

---

[5] *Board-Tech* is currently on appeal and has been fully briefed, but not decided. *Board-Tech Electronic Co., LTD v. Eaton Electric Holdings LLC*, No. 17-3829 (2d Cir. 2017).

samples actually tested and was not able to extrapolate the results of the unidentified samples to untested products. Accordingly, the *Board-Tech* court dismissed the case because plaintiff did not identify the products actually tested and alleged to be non-compliant, was unable to allege non-compliance of any of defendant's products based upon extrapolation from that testing, and therefore was unable to allege that the defendant's representation of non-compliance were false or misleading. *See Board-Tech Elec. Co., Ltd.*, 2017 WL 4990659.

The allegations in the instant Complaint are much different. WTI plainly pleads (i) that Tutco Cycling UE Heaters <u>by design</u> do not comply with UL 1995, (ii) that when UL certified Tutco Cycling UE Heaters without NSRT Cutoffs, such heaters did not comply with UL 1995, and (iii) that notwithstanding their non-compliance with the plain language of UL 1995, Tutco nevertheless knowingly affixes the UL certification to its Tutco Cycling UE Heaters and markets them to the public as UL 1995 compliant. Compl., at ¶¶ 74-80. Even the *Board-Tech* court specifically recognized that competitors could be proper plaintiffs to determine whether UL-certified products actually comply with the safety standards, but ruled that the testing performed by the plaintiff on a handful of unidentified samples in the *Board-Tech* case could not be extrapolated as evidence of non-compliance of the defendant's other products.

Finally, other courts have ruled that claims like those brought by WTI have stated a claim. *See, e.g., WG Sec. Prods. Inc. v. Tyco Int'l Ltd.*, No. CV 05-8569 PA (CWx), 2006 WL 5671239, at *5 (C.D. Cal. Mar. 6, 2005) (denying motion to dismiss for failure to state a claim when complaint pled that defendant advertised that its products met UL certification requirements when they did not); *Spruce Envtl. Techs., Inc. v. Festa Radon Techs., Co.*, No. 15-11521-NMG, 2015 WL 4038802, at *3-5 (D. Mass. July 2, 2015) (granting preliminary injunction against defendant under the Lanham Act for falsely advertising that "even though the fans photographed in the

catalog themselves were Energy Star certified, defendant is falsely representing to consumers that its fans are currently Energy Star compliant."). Accordingly, the facts alleged and parties involved in *Board-Tech* and this case differ, and the *Board-Tech* ruling is inapposite.

>       ii. *As Pled in the Complaint, Tutco Cycling UE Heaters Do Not Comply with UL 1995*

Tutco next argues that its products do indeed satisfy the requirements of UL 1995. Motion, at p. 11. But this argument inherently requires the Court to stray from the pleadings in the Complaint, something that the Court cannot do at this stage. *See Goldberg*, 2015 WL 7007983, at *4 ("All factual allegations in the complaint are accepted as true and all reasonable inferences are drawn in the plaintiff's favor.") (citing *Speaker*, 623 F.3d at 1379). Indeed, WTI has specifically pled facts in the Complaint demonstrating that Tutco Cycling UE Heaters without NSRT Cutoffs are not compliant with UL 1995. *See, e.g.,* Compl., at ¶¶ 45-51. Tutco simply refuses to accept these pleadings as true, and instead attempts to supplement or ignore the pleadings in the context of its own interpretation of UL 1995. But the Court must accept WTI's pleadings as true, and should give no credence to UL's attempt to supplement the allegations in the Complaint. *See Goldberg*, 2015 WL 7007983, at *4.

Moreover, Tutco's argument that the exception in UL 1995 Clause 30.18 applies to Tutco Cycling UE Heaters is nonsensical and contrary to its own admitted rule of statutory construction. Pursuant to Tutco's asserted interpretation, <u>every UE Heater would be excepted</u> from the critical safety requirement in clause 30.16. Tutco's interpretation of Clause 30.18 would render critical portions of UL 1995 completely moot, as the exception in Clause 30.18 would swallow the rule requiring NSRT Cutoffs in Clause 30.16 and 30.17. *See* Compl., at ¶¶ 45-51. This interpretation is contrary to Tutco's own admitted rule of statutory construction: it is an elementary principle of construction that text must be construed, if at all possible, in a way that gives effect to every clause

and word, rather than rendering some superfluous. Motion at 11 (citing *Duncan v. Walker*, 533 U.S. 167, 174 (2001)) (applying canon of superfluity to statutory construction); *F.W.F., Inc. v. Detroit Diesel Corp.*, 494 F. Supp. 2d 1342, 1358 (S.D. Fla. 2007) (applying canon to contract construction). WTI looks forward to presenting this important issue to the Court soon, but a Motion to Dismiss is not the time; at the motion to dismiss stage, the Court is bound by the allegations in the Complaint, and WTI sufficiently pled that Tutco Cycling UE Heaters without NSRT cutoffs do not comply with UL 1995. *See, e.g.,* Compl., at ¶¶ 45-56 ("Specifically, most models of Tutco Cycling UE Heaters manufactured and sold by Defendant Tutco do not incorporate NSRT Cutoffs required by UL 1995.").

Further, Tutco's obviously insincere analysis of whether "intended operating conditions" includes "abnormal operating conditions" (Motion, at p. 11) is flawed on its face for at least two reasons. First, the terms "intended operating conditions" and "abnormal operating conditions" are <u>not</u> mutually exclusive. Indeed, most products are designed and intended to operate under "abnormal" conditions. *See, e.g.*, *Pulte Home Corp., Inc. v. Ply Gem Indus., Inc.*, 804 F. Supp. 1471, 1486-87 (M.D. Fla. 1992) (providing that manufacturers are required to "exercise reasonable care so that its products will be reasonably safe for use in a foreseeable manner . . . in a breach of implied warranty, the test is stated that a product is defective if it is not reasonably fit for the intended use or foreseeable use at the time it left the possession of the manufacturer."); *see also In re Standard Jury Instr. In Civ. Cases—Report No. 13-01*, 160 So. 3d 869, 871 (Fla. 2015) (providing that a "product is defective if it is not reasonably fit for either the uses intended or the uses reasonably foreseeable by the (defendant)").[6] Second, the Court cannot even entertain this

---

[6]   In fact, UL 1995 specifically tests UE Heaters to make sure they continue to operate during "abnormal" but foreseeable conditions of reduced airflow and no airflow while the ART cycles to maintain acceptable temperatures established for continued operation. *See* UL 1995, Chapter 47

(flawed) argument because it deviates from the allegations in the Complaint, which unmistakably plead that "intended operating conditions" includes "abnormal (*i.e.*, reduced or restricted airflow) operating conditions." *See* Compl., at ¶ 50.  Accordingly, the Motion should be denied.

### E. **WTI's FDUTPA Claims Are Well Pled**

Counts VII and VIII for declaratory judgment and injunctive relief under FDUTPA, § 501.211, Fla. Stat., state valid claims against Tutco.  Tutco's assertions that competitors cannot sue each other under FDUTPA and that lost profits cannot be recovered under FDUTPA (Motion, at pp. 12-13) are rendered moot by WTI's agreement to dismiss its FDUTPA claim for damages (Count VI).  Indeed, FDUTPA's much broader equitable relief provided by § 501.211, Fla. Stat. permits a competitor to sue another competitor, and does not require damages.  In fact, damages is not an element of FDUTPA claims for declaratory judgment and injunctive relief, and this argument is now moot.  *See XTec, Inc. v. Hembree Consulting Servs., Inc.*, 183 F. Supp. 3d 1245, 1265 (S.D. Fla. 2016).  "A plain reading of [FDUTPA] indicates actual loss is only a prerequisite for plaintiffs seeking monetary damages."  *Id*. (citing § 501.211(2), Fla. Stat.)  And FDUTPA broadly "allows 'anyone aggrieved by' a FDUTPA violation to seek injunctive relief, while only persons who have 'suffered a loss' may seek actual damages."  *Id.* (quoting § 501.211(2), Fla. Stat.); *see also Wyndham Vacation Resorts, Inc. v. Timeshares Direct, Inc.*, 123 So. 3d 1149, 1152 (Fla. 5th DCA 2012); *Big Tomato v. Tasty Concepts, Inc.*, 972 F. Supp. 662, 664 (S.D. Fla. 1997). WTI has plainly pled facts demonstrating that it is "aggrieved" by the conduct of Tutco (and UL). *See* Compl., at ¶¶ 14-56, 100-111.  In that regard, WTI has pled that it has "lost sales and will continue to lose future sales because of this dispute, and this dispute has an impact on the Parties'

---

"Abnormal Temperature and Pressure Tests".

commercial interests." Compl., ¶ 106. Accordingly, WTI can sue Tutco under § 501.211, Fla. Stat.

Finally, Tutco self-servingly and incorrectly argues that WTI "has not described any conduct by Tutco that meets the definition of 'unfair.'" Motion, at pp. 13-14. As a matter of law, this is wrong, as WTI has unequivocally pled that Tutco has acted deceptively and has operated in an unfair fashion. Under FDUTPA, a "deceptive practice is one that is 'likely to mislead.'" *Kertesz v. Net Transactions, Ltd.*, 635 F. Supp. 2d 1339, 1348 (S.D. Fla. 2009). "[A]n unfair practice is 'one that offends established public policy' and is 'immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'" *Id*. (quoting *PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So. 2d 773, 777 (Fla. 2003)).

WTI has pled that Tutco's practice of affixing UL's certification on Tutco Cycling UE Heaters without NSRT Cutoffs, and marketing such certification, is deceptive because those heaters do not comply with UL 1995, and those practices are likely to "mislead the public about, and needlessly expose the public to, potential fire hazards posed by Tutco Cycling UE Heaters." Compl., at ¶¶ 99-107. These allegations are more than enough to establish that Tutco is acting deceptively and in an unfair fashion. Moreover, WTI has also pled that "in Florida all building codes and authorities having jurisdiction require HVAC equipment, and UE Heaters specifically, to be certified as complying with applicable safety standards by nationally recognized and accredited certification organizations, like [UL], before permitting installation in residential or commercial properties." *Id*., at ¶ 43. Then WTI pleads that "[p]urchasers, consumers and authorities having jurisdiction (including building code inspectors) specifically rely upon the certification label attached to the UE Heater to confirm compliance with UL 1995." *Id*., at ¶ 44. These allegations sufficiently plead that Tutco has acted deceptively and has operated in an unfair

fashion by representing Tutco Cycling UE Heaters without NSRT Cutoffs as compliant with the minimum safety standard when Tutco knows that those heaters do not comply with UL 1995. Accordingly, the Motion should be denied with respect to Counts VII and VIII.

### F. **WTI's Request to Replead if the Motion is Granted**

WTI believes that it has more than sufficiently pled valid causes of action against Tutco. However, to the extent that the Court determines otherwise and dismisses any claims against Tutco, WTI requests the opportunity to replead.

## IV. CONCLUSION

For the reasons explained above, the Motion should be denied in all respects, except for the agreed dismissal without prejudice of Counts II and VI as explained above, and Tutco should be required to answer the Complaint.

Date:   April 26, 2018

Respectfully submitted:

Herron Ortiz
Attorneys for Warren Technology, Inc.
255 Alhambra Cir., Suite 1060
Coral Gables, Florida 33134
Tel: (305) 779-8100
Fax: (305) 779-8104

By:   /s/Andrew R. Herron
       Andrew R. Herron, Esq.
       Florida Bar No. 861560
       aherron@herronortiz.com
       Brian Lechich, Esq.
       Florida Bar No. 84419
       blechich@herronortiz.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    /s/Brian Lechich
    Brian Lechich

## SERVICE LIST

**United States District Court, Southern District of Florida**
*Warren Technology, Inc. v. UL LLC, et al.*, **Case No.: 1:18-cv-21019**

Francis A. Citera, Esq.
citeraf@gtlaw.com

Gretchen N. Miller, Esq.
millerg@gtlaw.com

Timothy Andrew Kolaya, Esq.
kolayat@gtlaw.com
belloy@gtlaw.com

David Axelman, Esq.
david.axelman@bclplaw.com
dionne.sakaike@bclplaw.com

Darci F. Madden, Esq.
dfmadden@bclplaw.com

Jeffrey S. Russell, Esq.
jrussell@bclplaw.com