UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:18-cv-21019-UU/LMR

WARREN TECHNOLOGY, INC.,

    Plaintiff,

v.

UL, LLC and TUTCO, LLC,

    Defendants.

_____/

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION

THIS CAUSE is before the Court upon Defendant Tutco, LLC's ("Tutco") Renewed Verified Motion for Attorneys' Fees (the "Motion") (D.E. 75), and Magistrate Judge Reid's Report and Recommendation (the "R&R") (D.E. 80).

THE COURT has reviewed the Motion, R&R, Objections to the R&R, and pertinent portions of the record, and is otherwise fully advised in the premises.

On October 13, 2020, Defendant Tutco, the prevailing party in this Lanham Act, 15 U.S.C. § 1125(a)(1)(B), and Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.211(1), case, filed the instant Motion seeking attorneys' fees in the amount of **$190,094.85** ($120,773.25 in attorneys' fees during the case's pendency in this Court and an additional $69,321.60 for attorneys' fees on appeal). D.E. 75 at 2.

On December 17, 2020, Judge Reid issued a Report and Recommendation ("R&R") recommending that the Motion be granted in part and that Tutco should receive **$152,062.50** in attorneys' fees. D.E. 80 at 1. The Magistrate Judge carefully concluded that: (1) Tutco is entitled to statutory attorneys' fees under the Lanham Act because "this case qualifies as an exceptional

1

case both because of the relatively weak strength of Warren's litigating positions" and because it was "litigated in bad faith or with an improper anticompetitive purpose"; (2) the Court should exercise its discretion to award Tutco attorneys' fees under FDUTPA; (3) the hourly rates Tutco sought were unreasonable and that a reduced "reasonable market rate for similar services from similarly skilled lawyers and paralegals in South Florida" would be applied; and (4) the number of hours Tutco expended were reasonable.

Plaintiff Warren Technology ("Warren") filed objections to the R&R. D.E. 81. The Court will address each objection in turn.

First, Warren objects to the R&R's finding that Tutco is entitled to attorneys' fees under the Lanham Act. D.E. 81 at 4–14. As the R&R explains, the Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a); D.E. 80 at 3. "[T]o be an 'exceptional case' under the Lanham Act requires only that a case 'stands out from others,' either based on the strength of the litigating positions *or* the manner in which the case was litigated." *Tobinick v. Novella*, 884 F.3d 1110, 1118 (11th Cir. 2018) (emphasis added) (quoting *Octane Fitness, LLC v. ICON Health and Fitness*, 572 U.S. 545, 554 (2014)). Warren argues that this case is not an "exceptional case" under the Lanham Act and that the R&R makes improper evidentiary findings of bad faith and improper purpose. *Id.* at 5–14.

As the Eleventh Circuit stated in *Tobinick*, a Lanham Act case can be exceptional "either based on the strength of the litigating positions or the manner in which the case was litigated." *Tobinick*, 884 F.3d at 1118. The Magistrate Judge explained, and the Undersigned agrees, that there were many weaknesses in Warren's case (D.E. 80 at 5–6), and that although "it is not necessary to determine whether this case also qualifies as an exceptional case due to the manner in which it was litigated," D.E. 80 at 6, "there is evidence that this case was litigated in bad faith

or with an improper anticompetitive purpose" because the case was brought as "as a strategic ploy to try to achieve a competitive advantage." *Id.* at 7, 8.

In concluding that the case was brought for an improper purpose, the Magistrate Judge considered the following: (1) Warren's December 17, 2018 letter (the "Letter") (attached as an exhibit to Tutco's Motion at D.E. 75-3), which Warren addressed to numerous industry participants, and which misrepresented the Undersigned's rulings in the order granting Tutco's motion to dismiss and incorrectly advised Tutco's clients that their customers would have a legal claim against them if they continued to purchase from Tutco and they were injured; and (2) Warren's "sharp litigation tactics," which included certain settlement communications where representatives from Warren, instead of going through counsel, contacted Tutco directly and "threatened to 'publicly expose' and 'embarrass[]'" Tutco unless Tutco entered into negotiations to be purchased by Warren or otherwise agreed to resolve the litigation. Tutco did not include the "sharp litigation tactics" communications themselves (or any details of such) in its Motion due to fear of potentially running afoul of Fed. R. Evid. 408. D.E. 80 at 6 n.3.

Warren never presented any evidentiary objections to the Letter. *See* D.E. 78. And Warren did not respond to the "sharp litigation tactics" allegations. *Id.* Now, in its objections, Warren contends that the Magistrate Judge erred in concluding that this case was brought for an anticompetitive purpose because the Letter was not authenticated and is therefore inadmissible. D.E. 85 at 9–10. In addition, Warren argues, Tutco's statements about Warren's "sharp litigation tactics" were made through an unsworn Motion and do not contain sufficient factual details (i.e., the names of the people who allegedly communicated or when they were made). *Id.* at 10.

There is not enough evidence for the Court to conclude that Warren pursued this case in bad faith or for an improper purpose. The Undersigned agrees with Warren that the unsworn,

unsubstantiated statements about Warren's "sharp litigation tactics" do not support a finding that this case was litigated in bad faith or with an improper anticompetitive purpose. The Letter, however, does aid the Court in finding that this is an "exceptional case" under the Lanham Act. Warren argues that the Letter was used to communicate legitimate consumer safety concerns. D.E. 85 at 11–12. However, as Tutco points out, this assertion is belied by the fact that *Koski*[1] had already disposed of claims brought on behalf of consumers and the Court's ruling that Warren lacked standing to raise claims on behalf of consumers. "The district court has the discretion to determine whether a case stands out from others based on the totality of the circumstances." *Domond v. PeopleNetwork APS*, 750 F. App'x 844, 847 (11th Cir. 2018) (citing *Tobinick*, 884 F.3d at 1117). Although the Letter, standing alone, does not support a finding of bad faith or improper purpose, it does lead the Court to conclude, based on the totality of the circumstances including the many weaknesses in Warren's case, that this is an exceptional case that stands out from the others. Warren's first objection is therefore sustained in part.

Second, and last, Warren objects to the R&R's recommendation that the Court should use its discretion, upon evaluating the *Chow v. Chak Yam Chau*, 640 F. App'x 834, 838–39 (11th Cir. 2015) factors, to rule that Tutco is entitled to attorneys' fees under FDUTPA. D.E. 81 at 14–20. Under *Chow*, courts have discretion to award attorneys' fees in FDUTPA cases upon evaluating seven non-exhaustive factors: (1) the scope and history of the litigation; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against the opposing party would deter others from acting in similar circumstances; (4) the merits of the respective positions – including the opposing party's culpability or bad faith; (5) whether the claim brought was not in

---

[1] Prior to the filing of this case, Warren, Tutco, and UL were all defendants in a related consumer class action lawsuit regarding similar alleged misrepresentations to the ones at issue in this case. *Koski v. Carrier Corp.*, 347 F. Supp. 3d 1185, 1195 (S.D. Fla. 2017).

subjective bad faith but was frivolous, unreasonable, or groundless; (6) whether the defense raised a defense mainly to frustrate or stall; and (7) whether the claim brought was to resolve a significant legal question under FDUPTA law. The Court notes that this objection is largely duplicative of Warren's response in opposition to the Motion. D.E. 78 at 3–9. Upon review of the R&R's FDUTPA analysis and the parties' positions, the Court agrees with the R&R except as to the fourth factor, bad faith, for the reasons explained above. D.E. 80 at 10. Given that the undersigned agrees with the Magistrate Judge as to the applicability of all other factors, the Court finds that attorneys' fees should be awarded under FDUTPA; accordingly, Warren's second objection is overruled except to the extent that the fourth *Chow* factor does not weigh against Warren.

Warren does not object to the R&R's Lodestar calculation, which the Court agrees with.

Upon *de novo* review of the R&R, it is hereby

ORDERED AND ADJUDGED that the Report and Recommendation, D.E. 80, is RATIFIED, AFFIRMED and ADOPTED IN PART consistent with this Order. Tutco's Motion, D.E. 75, is GRANTED IN PART. As the prevailing party in this action, Tutco is awarded attorney's fees in the amount of **$152,062.50.**

DONE AND ORDERED in Chambers in Miami, Florida this _10th_ day of March, 2021.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

Copies provided:
Counsel of record
Magistrate Judge Reid

5