UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-21019-CV-SCOLA/REID

WARREN TECHNOLOGY, INC.,

    Plaintiff,

v.

UL LLC, and TUTCO, LLC,

    Defendants.
_____/

### REPORT AND RECOMMENDATION ON DEFENDANT-APPELLEE TUTCO, LLC'S APPLICATION FOR ATTORNEY'S FEES [ECF No. 95]

**I.  Introduction**

This matter is before the Court on Defendant-Appellee Tutco, LLC's ("Tutco") Motion for Attorney's Fees (the "Motion"). [ECF No. 95]. This cause has been referred to the Undersigned to take all necessary and proper action as required by law with respect to the Motion. [ECF No. 97].

Having carefully considered the issues, the record, and the applicable law, the Undersigned respectfully **RECOMMENDS** the Motion [ECF No. 95] be **GRANTED**, and that Tutco receive $14,782.50 in attorney's fees, as further discussed below.

**II.  Discussion**

A.  Factual and Procedural History

The factual and procedural history of this case has been outlined in depth in the Undersigned's previous Report & Recommendation on Defendant-Appellee's Renewed Verified Motion for Attorney's fees. *See* [ECF No. 80]. To summarize, Defendant Tutco is the prevailing party in this matter brought by Plaintiff Warren Technology, Inc. ("Warren") alleging violation of

the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), common law unfair competition, and violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.211(1).

After Tutco successfully moved to dismiss [ECF No. 44] Warren's Amended Complaint [ECF No. 42] for failure to state a claim, Warren appealed, and the Eleventh Circuit affirmed this Court's dismissal in a published opinion. *See Warren Tech. v. UL LLC*, 962 F.3d 1324 (11th Cir. 2020); [ECF No. 74]. Subsequently, Tutco filed a Renewed Motion for Attorney's fees under the Lanham Act, 15 U.S.C. § 1117(a), and FDUTPA, Fla. Stat. § 501.2105. [ECF No. 75]. This Court issued a Report recommending that Tutco's Renewed Motion be granted in part and denied in part and that Tutco be awarded $152,062.50 in attorney's fees [ECF No. 80], which the district court adopted in part. [ECF No. 83].

Warren appealed the award of fees [ECF No. 84], but the Eleventh Circuit affirmed the district court's decision. [ECF No. 93]. The Eleventh Circuit then transferred the case to the district court for consideration of Tutco's request for attorney's fees pursuant to 11th Cir. R. 39-2(d). [ECF No. 94]. Tutco seeks appellate attorney's fees as the prevailing party on appeal. Importantly, Warren does not oppose the Motion. *See* [ECF No. 99]. Nevertheless, the Court will review Tutco's request to determine whether Tutco is entitled to payment of appellate attorneys' fees and whether the amount requested is appropriate.

B.   Standard of Review

The Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). The Eleventh Circuit has recently clarified that "to be an 'exceptional case' under the Lanham Act requires only that a case 'stands out from others,' either based on the strength of the litigating positions or the manner in which the case was litigated." *Tobinick v. Novella*, 884 F.3d 1110, 1118 (11th Cir. 2018) (quoting *Octane Fitness, LLC v. ICON Health and Fitness*, 572 U.S. 545, 554 (2014)).

"The Eleventh Circuit has not yet opined on the standard for awarding fees to the prevailing party on appeal in Lanham Act cases," but at least one case in this district has assessed the issue. *Marjam Supply Co. of Fla., LLC v. Pliteq, Inc.*, No. 1:15-CV-24363, 2021 WL 1200422, at *26 (S.D. Fla. Mar. 5, 2021), *report and recommendation adopted*, No. 15-CV-24363, 2021 WL 1198322 (S.D. Fla. Mar. 30, 2021). In that case, to determine whether the appeal was exceptional, the court adopted the test used by the First Circuit in *Tamko Roofing Prod., Inc. v. Ideal Roofing Co.*, 294 F.3d 227, 230 (1st Cir. 2002):

> (1) whether the appeal was on issues different from those that caused the trial court to find the case 'exceptional'; (2) the relative strength or weakness of the appellate issues; and (3) the extent to which the appeal can be said to have prolonged, without adequate justification, a particularly bad 'exceptional case.'

*See Marjam Supply*, 2021 WL 1200422, at *26 (quoting *Tamko*, 294 F.3d at 230). The First Circuit's reasoning for applying this test is outlined in *Tamko*:

> This approach makes sure that the prevailing party in a trademark infringement case does not have to keep expending its resources defending the merits of a case characterized by exceptional willful infringement, but also ensures that the losing party is not unfairly thwarted in its attempts to make relevant and reasonable arguments about potential procedural errors or about the type and amount of remedies.

*Tamko*, 294 F.3d at 230.

Next, "[i]n a diversity or a supplemental jurisdiction case, a federal court is required to apply the substantive law of a forum state." *Kipu Sys. LLC v. ZenCharts LLC*, No. 17-24733-CIV, 2021 WL 1895881, at *3 (S.D. Fla. Apr. 6, 2021), *report and recommendation adopted sub nom. KIPU SYSTEMS LLC, Plaintiff, v. ZENCHARTS LLC, et al., Defendants.*, No. 17-CV-24733-WILLIAMS, 2021 WL 4479451 (S.D. Fla. Sept. 30, 2021) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). "[S]tatutes allowing for the recovery of attorney's fees are substantive law." *Id*. Thus, "[w]here it is state law that allows for a fee award, 'federal courts must look to that law to determine the propriety of such an award.'" *Tobinick v. Novella*, No. 14-80781-CV, 2018 WL

6978637, at *2 (S.D. Fla. Nov. 20, 2018), *report and recommendation adopted*, No. 9:14-CV-80781, 2018 WL 6978629 (S.D. Fla. Dec. 6, 2018) (quoting *Royal Hawaiian Orchards, L.P. v. Olson*, 2015 WL 6039202, at *2 (C.D. Cal. October 15, 2015)).

Under FDUTPA, an award of attorney's fees for legal work to recover fees is not proper unless the client is obligated to the attorney for the work. *B & L Motors, Inc. v. Bignotti*, 427 So. 2d 1070, 1074 (Fla. 2d DCA 1983); *see also Alhassid v. Nation Star Mortg., LLC*, 767 F. App'x 865, 867 (11th Cir. 2019). In other words, unless the client's fee arrangement with an attorney contemplated the client's responsibility for appellate attorney's fees, an award of those fees would be improper. "The rationale is that statutorily authorized attorney's fees are for the benefit of the prevailing party, and an attorney may not recover such fees for work done for the attorney's sole benefit." *Id*. at 1073.

C.   Analysis

    1.   **Tutco's Entitlement to Appellate Attorneys' Fees Under the Lanham Act**

After careful consideration of the appellate briefs and the Eleventh Circuit's Opinion, the undersigned finds that the appeal was exceptional. *See Marjam Supply*, 2021 WL 1200422, at *26.

*a)*   *The Appeal Largely Addressed the Same Issues That Caused the Trial Court to Find the Case "Exceptional"*

First, the appeal addressed the same issues that caused the trial court to find the case "exceptional." Indeed, on appeal, Warren argued that "[t]he District Court erred by ruling that this was an 'exceptional case.'" *See* Appellant's Initial Brief at 17. As noted, one of the goals of the *Tamko* test is to ensure that "the prevailing party in a trademark infringement case does not have to keep expending its resources defending the merits of a case characterized by exceptional willful infringement." 294 F.3d at 230. That is exactly what Tutco has been forced to do. The Undersigned and the district judge, relying on several factors—including the weakness of Warren's case and

the use of sharp litigation tactics by Warren—made the determination that Warren's case was exceptional. Warren's appeal of the district court's finding of exceptionality required the Eleventh Circuit to rehash—and, in turn, affirm—and Tutco to defend the merits of this exceptional case.

It is worth noting that Warren's appeal also challenged the district court's reliance on the "unauthenticated" UL letter to make its determination of exceptionality. This argument was arguably challenging a procedural error rather than the merits of the determination of exceptionality. The Undersigned still finds, however, that this prong weighs in favor of granting attorney's fees, because the bulk of Warren's appeal addressed the merits of the district court's finding.

b)  *The Appellate Issues Were Relatively Weak*

Second, the undersigned finds that Warren's arguments on appeal were relatively weak. *See Fla. Int'l Univ. Bd. of Trustees v. Fla. Nat'l Univ., Inc.*, No. 13-21604-CIV, 2017 WL 3610581, at *4 (S.D. Fla. Aug. 11, 2017), *report and recommendation adopted*, No. 13-CV-21604, 2018 WL 4409885 (S.D. Fla. June 25, 2018).

On appeal, Warren argued that because there was no binding Eleventh Circuit precedent on the issue, it was entitled to "zealously" pursue its Lanham Act claims, and, for that reason, an award of fees was not appropriate. *See* Appellant's Initial Brief at 17-18. Warren also argued that *Koski v. Carrier Corp.*, 347 F. Supp. 3d 1185 (S.D. Fla. 2017) did not "demonstrate the weakness" in its case, because Warren's case had significant differences. *Id*. at 22. As noted, Warren further argued that the district court's reliance on the "unauthenticated" UL letter to make its determination of exceptionality was improper. *Id*. at 18-22. Finally, regarding its appeal of the fees awarded under the FDUTPA, Warren argued that the seven-factor *Humane Soc'y of Broward Cnty., Inc. v. Fla. Humane Soc'y*, 951 So. 2d 966, 971072 (Fla. 4th DCA 2007) test actually weighed in favor of denying an award of fees. *Id*. at 25-31.

Applying the "abuse of discretion" standard, the Eleventh Circuit soundly rejected all of Warren's arguments. *See generally Warren Tech., Inc. v. UL LLC*, No. 21-11168, 2021 WL 4940833, at *1 (11th Cir. Oct. 22, 2021). First, the court addressed the first two arguments stating "[a]lthough Warren is correct that no binding Eleventh Circuit precedent controlled the disposition of its claims, the theory underlying Warren's Lanham Act claim had been previously undermined in [*Koski*]." *Id*. at *2. Second, the court rejected Warren's argument regarding the UL letter, finding that the district court did not err in considering the letter, because the court did not consider it in isolation, and because it was probative of Warren's litigation strategy. *Id*. at *3. Third, the Court also rejected Warren's argument against the award of fees under the FDUTPA, noting that this Court and the district court applied the *Humane Society* factors reasonably and in a way that did not constitute a clear error of judgment or an "abuse of discretion." *Id*. at *3-*4.

The Eleventh Circuit's rejection of Warren's arguments itself does not make them weak, but the reasoning behind the Eleventh Circuit's determinations and the fact that Warren did not raise new or more persuasive arguments on appeal do.

First, and as noted, the Eleventh Circuit stated that Warren's exact claims had already been undermined in *Koski* well before Warren filed its action, its initial appeal, or its appeal of the fee award. Moreover, the weakness of Warren's claims in light of *Koski* was highlighted by the district court prior to Warren's appeal of the fee award. Contrary to Warren's contention in its Appellate Brief[1], this Court thinks that *Koski did* inform Warren that its claims would ultimately fail, and that Warren should have known this was a losing case before its inception.

Second, as the Eleventh Circuit noted in its opinion, an award of attorney's fees is reviewed for abuse of discretion. "'A district court abuses its discretion if it applies an incorrect legal

---

[1] In its Appellate Brief, Warren states, "the failure of the *Koski* case should not, and did not inform Warren (or anyone) about the ultimate failings of Warren's claims." *See* Appellant's Initial Brief at 24.

6

standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous.'" *United States v. Toll*, 804 F.3d 1344, 1353 (11th Cir. 2015) (quoting *Citizens for Police Accountability Political Comm. v. Browning*, 572 F.3d 1213, 1216–17 (11th Cir.2009)). Despite identifying this standard in its Appellate Brief, Warren did not raise any different or more persuasive arguments than it did at the district court level or cite to any additional case law showing that this Court or the district court's actions indicated an "abuse of discretion." Warren merely reiterated the same arguments that had been previously rejected by this Court and the district court. *See generally* [ECF No. 78]. At best, Warren's arguments allege that the district court *could* have, in its discretion, decided the case differently, not that the court abused its discretion.

This factor weighs in favor of awarding appellate fees.

c)  *The Appeal Prolonged, Without Adequate Justification, A Particularly Bad Exceptional Case.*

Warren's appeal prolonged the litigation without adequate justification. This case was filed on March 16, 2018, and an initial judgment was rendered by October 21, 2018. Indeed, as Warren pointed out in its Appellate Brief, "the case had a short duration." *See* Appellant's Initial Brief at 26. Warren's numerous appeals, however, extended the case into 2022. Moreover, despite being informed several times of the weakness of its case, Warren continued to rehash the meritless claims. It light of this, and the Court's finding of relative weakness, the Court further finds that the third prong weighs in favor of granting appellate fees.

Based on these determinations, this Court recommends that Tutco's request for attorney's fees under the Lanham Act be granted.

### 2. Tutco's Entitlement to Appellate Attorneys' Fees Under FDUTPA

On April 20, 2022, this Court issued an Order requiring Tutco to "state whether it is obligated under its fee arrangement with counsel to pay for time spent recovering attorney's fees and costs," as required to show entitlement to appellate fees under FDUTPA. *See* [ECF No. 98]; *see also B & L Motors*, 427 So. 2d at 1073-74. Tutco did not comply with the order.

Nevertheless, along with its Motion, Tutco submitted detailed invoices that appear to show that Tutco was billed for the work on the appeal. *See* [ECF No. 94 at Attachment 2]. Based upon this, the court will presume that Tutco is, in fact, obligated to pay for the time its attorneys spent recovering attorneys' fees and costs.

In any event, this court previously determined that Warren's claims under the Lanham Act and FDUTPA were based on the same core allegations. *See* [ECF No. 12 n.5]. Because the two claims are so inextricably intertwined, apportionment of Tutco's time defending the claims is impractical in this case. As payment of attorneys' fees is appropriate under the Lanham Act, Tutco is also entitled to fees under FDUPTA

### 3. Calculation of Attorney's Fees Using the Lodestar Method

*a)   Reasonable Hourly Rate*

Having determined that Tutco is entitled to attorney's fees from Warren, the Court must next determine whether the fees sought by Tutco are "reasonable." Under the "lodestar" method, a reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1994)).

A reasonable hourly rate is to be measured by "prevailing market rates in the relevant community." *Blum*, 465 U.S. at 895. In determining this, the Court should consider the rate "for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*

8

*v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum*, 465 U.S. at 895-96, n.11).

More specifically, "[i]n determining reasonable South Florida hourly rates, a court may consider certain factors, including 'the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases.'" *Fla. Int'l Univ. Bd. of Trs. v. Fla. Nat'l Univ.*, No. 1:13-cv-21604-WILLIAMS/BECERRA, 2019 WL 3412159, 2019 U.S. Dist. LEXIS 101714, at *6-7 (S.D. Fla. June 17, 2019) (quoting *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (internal citations omitted)). "In the end, however, the Court remains an expert on the issue of attorney's fees and "may consider its own knowledge and experience concerning reasonable and proper fees." *Id.* at *7, (quoting *Norman*, 836 F.2d at 1303) (internal citations and quotations omitted).

Here, Tutco seeks reimbursement in the "heavily discounted" amount of $14,782.50, which is the sum of fees incurred by three partners, one associate, and two paralegals for 46.7 hours of work. *See* [ECF No. 94]. In support, Tutco provides biographical information on its attorney and paralegal team along with invoices detailing the hours expended. *See* [*Id.* at Attachments 1 and 2]. Importantly, Tutco states that its requested fees are based on the lodestar amount awarded in the district court's order that was affirmed by the Eleventh Circuit. *See* Motion at 7-8; *see also* [ECF No. 83]. Indeed, Tutco appears to have reduced the billing rate for St. Louis-based partner Jeffrey S. Russell, Esq., partner Darci F. Madden, and partner C. Ryan Reetz to $500.00; the billing rate for associate Steven Alagna to $250.00; and the billing rate for paralegal supervisor Diane Myers and St. Louis-based paralegal Terri A. DeGregorio to $175.00 to comply with this Court's previous

determination of the reasonable hourly rate. As noted, Warren does not object to Tutco's hourly rates.

The Undersigned has examined the evidence provided by Tutco and reviewed other similar cases in this district regarding the reasonable rate for trademark and unfair competition lawyers in the locality. In addition, the Undersigned has reviewed all the biographical information provided for Tutco's paralegals and attorneys and considered its own knowledge of the billing rates charged by other trademark and unfair competition lawyers in South Florida. Accordingly, the reasonable rate should be set at $500 per hour for Mr. Russell, Ms. Madden and Mr. Reetz, $250 per hour for Mr. Alagna, and $175 per hour for Ms. DeGregorio and Ms. Myers.

b)      *Reasonable Number of Hours Expended*

The Court must next evaluate Tutco's requested fees for reasonableness in terms of the total hours expended by counsel. *See Norman*, 836 F.2d at 1303. After reductions, Tutco requests compensation for 10.8 hours expended by Mr. Russell, 2.5 hours by Ms. Madden, 1.8 hours by Mr. Reetz, 22.7 hours by Mr. Alagna, 1 hour by Ms. DeGregorio, and 7.9 hours by Ms. Myers. [ECF No. 94 at 9]. As noted, Warren makes no objection as to the number of hours expended.

The burden rests on the prevailing plaintiff to submit a request for fees that will enable the court to determine whether time was reasonably expended. *See Loranger v. Stierheim*, 10 F.3d 776, 782 (11th Cir. 1994). "Attorneys who anticipate making a fee application must maintain contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney." *Wales-Walden v. Ak "N" Eli, LLC*, No. 17-20658-CIV, 2018 WL 6812692, at *3 (S.D. Fla. Oct. 12, 2018), *report and recommendation adopted sub nom. Wales-Walden v. Ak N Eli, LLC*, No. 1:17- CV-20658-UU, 2018 WL 6807316 (S.D. Fla. Oct. 29, 2018) (quoting *Nat'l Ass'n. of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982)).

When ascertaining the number of reasonable hours, a court must exclude "excessive, redundant or otherwise unnecessary hours" from those claimed. *See Norman*, 836 F.2d at 1303. The Court can either evaluate counsel's time records by applying an hour-by-hour analysis or can make an across-the-board cut. *See Bivins v. Wrap it Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). In conducting this analysis, "trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

Having reviewed the contemporaneous, complete and standardized timekeeper summaries that Tutco submitted *see* [ECF No. 94 at Attachment 2], this Court finds that the hours expended were necessary and the requested fees are reasonable.

D.      Conclusion

Having determined that Tutco is entitled to fees, and that its rates and hours are reasonable, as discussed above, the Undersigned concludes that Tutco is entitled to recover reasonable attorney's fees in the amount of $14,782.50 from Warren.

### III.      Recommendation

Accordingly, the Undersigned respectfully **RECOMMENDS** that Defendant's Motion for Attorney's Fees [ECF No. 95] be **GRANTED**. Tutco is entitled to receive a total of $14,782.50 in attorney's fees, which represents the entire amount requested.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal

conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 16th day of June, 2022.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:  **U.S. District Judge Robert N. Scola**; and

**All Counsel of Record via CM/ECF**